UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-21635-CIV-HUCK/O'SULLIVAN

U.S. DISTRIBUTORS, INC. a Florida
corporation,

        Plaintiff,

vs.

JOHN P. BLOCK, an individual,

        Defendant.
_____/

AND THIRD-PARTY COMPLAINT
_____/

## ORDER STRIKING THIRD-PARTY COMPLAINT

    This matter came before the Court on the Third-Party Defendants' Motion to Dismiss the Third-Party Complaint (D.E. #38), which the Court construes as a motion to strike under Rule 14(a)(4) of the Federal Rules of Civil Procedure. The Court has reviewed the motion and related briefing, heard the argument of counsel, and is otherwise duly advised in the premises. For the reasons set forth in this order, the motion to strike is granted.

    **I.**    **Factual and Procedural Background**

    The general facts of the parties' dispute is summarized in the Court's order denying the Defendant's motion to dismiss the complaint. *U.S. Distributors, Inc. v. Block*, No. 09-21635-CV, 2009 WL 3295099 (S.D. Fla. Oct. 13, 2009). The parties' dispute, essentially a contract dispute, arises out of a transaction for the purchase and sale of aircraft parts and vehicles and the assumption of rental payment obligations for a leased storage facility.

    After the Court denied the Defendant's motion to dismiss, the Defendant filed both a counterclaim (D.E. #17) and a third-party complaint (D.E. #18).[1] The counterclaim alleges that two

---

[1] The Court refers to John Block as the Defendant throughout this order to reduce the use of lengthy procedural descriptors such as "Defendant/Third-Party Plaintiff." But to be clear, Block is both the defendant and third-party plaintiff. Similarly, the Court refers to the Confalones by name, though procedurally they are the third-party defendants.

individuals associated with the Defendant, James and Karen Confalone, made material misrepresentations regarding the aircraft parts, failed to provide an inventory (including price and location) of the parts, and failed to inform the Defendant that another of the Confalones' companies (World Wide Aviation Distributors, Inc.) was the true lessor of the storage facility and was significantly delinquent on its rental payments. Based on these misrepresentations, the Defendant alleges that the Confalones induced him to enter into the agreement in question. After learning of the misrepresentations, the Defendant refused to accept the aircraft parts and demanded the return of the money and equipment that he had already tendered. The counterclaim asserts four counts: (1) fraud in the inducement; (2) conversion; (3) unjust enrichment; and (4) a count under Fla. Stat. § 672.513 to recover the costs of inspecting the non-conforming materials.

The third-party complaint seeks to bring the Confalones into the litigation as third-party defendants. According to the third-party complaint, the Confalones "are or may be liable to [the Defendant] for all or part of the claims brought against him in" this case (that is, *U.S. Distributors vs. Block*). The allegations supporting each of the counts in the third-party complaint are substantially similar to those supporting the counterclaim. The third-party complaint seeks recovery for (1) fraud in the inducement; (2) conversion; (3) unjust enrichment; (4) civil theft; count (5) seeks to pierce the Plaintiff's corporate veil; and (6) the costs of inspecting the non-conforming materials under Fla. Stat. § 672.513.

The Confalones moved to dismiss the third-party complaint arguing that it was procedurally improper under Rule 14 and untimely under the Court's scheduling order. Alternatively, the Confalones argue that the Court should dismiss the civil theft and conversion counts under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In his opposition to the motion to dismiss, the Defendant argues that (1) at the motion to dismiss stage, the Court should not look beyond the Defendant's well-pleaded allegation that the Confalones are or may be liable to the Defendant for the claims asserted by the Plaintiff because that allegation tracks the requirements of Rule 14; (2) in the exercise of its discretion, the Court should permit the third-party complaint because it "makes much judicial sense" in that the claims asserted in the third-party complaint are an "outgrowth of the same aggregate or core of facts which is determinative of the original claim"; (3) the Defendant's claim of fraud in the inducement operates as an indemnity claim; and (4) the Defendant's claim is a derivative claim that may be brought

under Rule 14. The Defendant also argues that the Court should not dismiss the conversion and civil theft counts asserted in the third-party complaint.

## II. Legal Standard

Third-party complaints are governed by Rule 14(a)(1). Under that rule, "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The purpose of this rule is to permit "a defending party to join an absentee for the purpose of deflecting to that absentee all or part of its potential liability to the plaintiff on the underlying claim." 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 14.03[1] (3d ed. 2009). Rule 14 is most commonly used in cases "in which the third-party defendant is obligated by contract to indemnify the defendant against the liability on which the plaintiff has sued," for "contribution among joint tortfeasors," where subrogation is appropriate because "the third-party defendant's liability arises from rights which the defendant acquires from the plaintiff," or "based on a breach of an express or implied warranty." *Id.* at § 14.04[3][b].

Whether to allow a third-party complaint is a question that is committed to the district court's discretion. Fed. R. Civ. P. 14 advisory committee's notes regarding the 1963 amendment ("After the third-party defendant is brought in, the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim, or to sever the third-party claim or accord it separate trial if confusion or prejudice would otherwise result."). In this sense, even where a third-party complaint is correctly used to bring a nonparty into the litigation, the district court may strike the third-party complaint. *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1443 (2d ed. 2009) (setting forth circumstances under which a court may deny impleader even though the application otherwise meets the requirements of Rule 14). But where the Federal Rules of Civil Procedure grant the district court discretion, the district court may not use its discretion to re-write or ignore the fundamental requirements of the rule in question. *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324-25 (11th Cir. 2005) ("When we say that a decision is discretionary, or that a district court has discretion to grant or deny a motion, we do not mean that the district court may do whatever it pleases. The phrase means instead that the court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.") quoting *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).

Therefore, in the context of a motion to strike a third-party complaint, the district court's initial determination must be whether the claims asserted in the third-party complaint are claims that, if successful, would render the third-party defendant liable for all or part of the damages that the plaintiff might obtain against the defendant/third-party plaintiff under the original complaint. If the claims asserted in the third-party complaint are not of such a nature, the district court *must* strike the third-party complaint because it would not be authorized by Rule 14. On the other hand, if the claims asserted in the third-party complaint are of such a nature, then the district court *may* strike the third-party complaint if, in the exercise of its discretion, it determines that permitting the third-party complaint could result in, among other things, unnecessary confusion or delay in the proceedings.

### III. Discussion

The Defendant's third-party complaint does not meet the requirements of Rule 14(a)(1). Therefore, the Court strikes the third-party complaint and, because the Court strikes the third-party complaint, it does not address whether the civil theft and conversion counts in the third-party complaint set forth a claim upon which relief can be granted.

For the sake of simplicity, Rule 14(a)(1) may be restated as follows:

> **Timing of the Summons and Complaint.** A [defendant] may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to [the defendant/third-party plaintiff] for all or part of the [plaintiff's] claim against the [defendant/third-party plaintiff].

In this case, a third-party complaint would be proper if the Confalones are or may be liable to the Defendant (Block) for all or part of the Plaintiff's (U.S. Distributors) claim against the Defendant.

The Court is unaware of any circumstance under which the Confalones would be liable for the damages that the Plaintiff might obtain against the Defendant. James Confalone is an officer of the Plaintiff and, at least as alleged in the complaint, his wife, Karen Confalone, was acting on behalf of the Plaintiff in connection with the Plaintiff's transaction with the Defendant. Under these circumstances, if the Court allowed the third-party complaint to stand, it would implicitly rule that the officers and agents of a corporation that is suing for breach contract could be or are liable for any damages that the corporation obtains against the party that is found to have breached the contract. That unlikely scenario does not exist in this case.

In support of the third-party complaint, the Defendant argues that, at the motion to dismiss stage,

the Court is required to accept as true the Defendant's allegations that the requirements of Rule 14 are satisfied. This standard of review, however, applies only to the pleading of factual matters that comprise the elements of a cause of action. (And even then, the Supreme Court has held that a complaint must show a plausible factual basis entitling the pleader to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).) Whether a pleading complies with the prerequisites of a Rule of Civil Procedure is not a factual matter that must be viewed through a certain lens at the motion to dismiss stage; rather, satisfaction of the requirements of the court's rules is an issue of law that a court may (and should) question at any time. *Cf. Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions.").

Further, the Defendant argues that the Court should exercise its discretion in favor of permitting the third-party complaint. But the Court does not have discretion to ignore or re-write the Rules of Civil Procedure. The range of the Court's discretion to allow the third-party complaint is bounded on one side by the requirements of Rule 14 and on the other by the spectrum of reasonable decisions regarding efficiency, reduction of prejudice, and other similar considerations. In short, to even reach the point where the Court may begin exercise its discretion, the third-party complaint must comply with the plain requirements of Rule 14. For the reasons set forth above, the third-party complaint does not meet those requirements. Therefore, the Court lacks the discretion to allow the third-party complaint.

Apparently recognizing that Rule 14 is typically used to bring indemnitors into the litigation, the Defendant argues that his fraud-in-the-inducement claim operates as an indemnity claim. The problem with this theory is that the fraud-in-the-inducement claim is not an indemnity claim. Under the third-party complaint, the Confalones may be liable to the Defendant even if the Plaintiff does not prevail in its lawsuit. In this respect, the claims in the third-party complaint are independent from the main litigation even though they arise out of the same transaction. To the extent the Defendant contends that he was tricked into a contract, he should raise (as he has already done) that claim as an affirmative defense and counterclaim.

Finally, the Defendant relies on *Se. Mortgage Co. v. Mullins*, 514 F.2d 747 (5th Cir. 1975), *Ashley II of Charleston, LLC v. PCS Nitrogen, Inc.*, No. 2:05-2782-CWH, 2008 WL 2462862 (D.S.C. June 13, 2008), and *May's Family Ctrs., Inc. v. Goodman's, Inc.*, 104 F.R.D. 112 (N.D. Ill. 1985) as support for the proposition that his claims against the Confalones are "derivative" and therefore

5

permissible under Rule 14. The Court has reviewed those cases and disagrees that they establish a different interpretation of Rule 14 than the interpretation set forth above. The *Southeast* and *Ashley II* courts applied the same principles set forth above regarding impleader, and both denied impleader for reasons similar to those expressed in this order. *Southeast*, 514 F.2d at 749-50; *Ashley II*, 2008 WL 2462862, at *7. *May's* is factually inapposite. In that case, the plaintiff, a tenant of the defendant, sued the defendant alleging that the defendant had unreasonably refused to consent to the assignment of the plaintiff's lease to another entity. 104 F.R.D. at 113-14. The defendant filed a third-party complaint against the law firm that the defendant had hired to carry out the defendant's legal obligations under the lease. *Id.* at 114. The theory was that if the defendant had unreasonably withheld consent to the assignment of the plaintiff's lease, it was because the defendant had acted on the faulty legal advice of the third-party defendant. *Id.* Notably, the two counts in the third-party complaint were for indemnity and contribution. *Id.* at 114 n.3.

In sum, the proposed third-party complaint does not satisfy the requirements of Rule 14.

### IV.   Case Management

In their responses to the complaint and counterclaim, both parties have raised legal defenses (e.g., failure to state a claim) as affirmative defenses. These defenses are more properly disposed of through dispositive motions. Therefore, the Court extends the dispositive motions deadline so that each party may file a motion for summary judgment regarding any issue appropriate for summary judgment determination and, particularly, the legal defenses that the parties have presented as affirmative defenses.

### V.   Conclusion

For all of the reasons set forth above, it is hereby ORDERED and ADJUDGED that (1) the Confalones' motion to dismiss (construed by the Court as a motion to strike) is granted; (2) the parties shall file cross-motions for summary judgment by **Monday, February 8, 2010**; and (3) calendar call is rescheduled for **Wednesday, March 31, 2010, at 8:30 a.m.** and trial will commence during the two-week period beginning **Monday, April 5, 2010**.

DONE in Chambers, Miami, Florida, January 22, 2010.

                                                                                    _____
                                                                                    Paul C. Huck
                                                                                    United States District Judge

**Copies furnished to:**
All counsel of record