**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 09-21635-CIV-HUCK/O'SULLIVAN

U.S. DISTRIBUTORS, INC. a Florida corporation,

    Plaintiff,

vs.

JOHN P. BLOCK, an individual,

    Defendant.
_____/

CLOSED CIVIL CASE

## ORDER ON NON-JURY TRIAL AND FINAL JUDGMENT

On June 21, 2010, the Court held a non-jury trial to determine whether U.S. Distributors, Inc. was the proper plaintiff to bring this case against John P. Block for breach of an agreement concerning the purchase and sale of aircraft parts, the payment of rent on a storage facility, and the exchange of several vehicles. The Court has previously issued two orders in this case that summarize the allegations set forth in the complaint and counterclaim. *See U.S. Distributors, Inc. v. Block*, No. 09-cv-21635, 2009 WL 3295099, at *1 (S.D. Fla. Oct. 13, 2009) (denying the Block's motion to dismiss the complaint) and *U.S. Distributors, Inc. v. Block*, No. 09-cv-21635, 2010 WL 337669, at *1 (S.D. Fla. Jan. 22, 2010) (dismissing a third-party complaint brought by Block against James and Karen Confalone). After hearing the evidence and argument of counsel at the one-day bench trial, the Court announced its ruling that U.S. Distributors lacked standing to enforce the previously described agreement. Accordingly, for the reasons stated in Court and those expressed below, the Court concludes that this case should be dismissed with prejudice.

As noted in the Court's prior orders, U.S. Distributors brought this lawsuit based on an agreement that was memorialized in a series of e-mails exchanged between Block and James and Karen Confalone.[1] Although these e-mails make no reference to any role or interest that U.S. Distributors

---

[1] The Court makes no findings regarding Karen Confalone's involvement in the transaction. At trial, U.S. Distributors argued that Karen Confalone was involved only as an intermediary in communications between James Confalone and John Block. Karen Confalone's involvement was necessary because, unlike James Confalone, she maintains an e-mail account and

might have in the transaction, throughout this litigation U.S. Distributors has argued that Block knew all along that Confalone was acting on behalf of U.S. Distributors. But even if Block did not know that Confalone was acting on behalf of U.S. Distributors, U.S. Distributors has argued that it has standing to enforce the contract because Confalone was acting as its undisclosed agent.

The evidence adduced at trial, however, supports neither theory. No credible evidence presented at trial indicates that Block knew that Confalone was acting on behalf of U.S. Distributors during the course of the negotiations. Accordingly, the evidence does not support U.S. Distributors' argument that it is the only party with standing to bring this lawsuit. The credible evidence also does not support the undisclosed agency argument. The Court agrees that a party may contract through an undisclosed agent and, where a party contracts in such a manner, both the undisclosed agent and the principal are liable on the contract and either may sue to enforce any rights under the contract. *See El Jordan v. Solymar, S. de R.L.*, 315 F.Supp.2d 1355, 1363-64 ("Here, although Solymar claims to have acted as an agent, it did not act as agent for a disclosed principal, and therefore, Solymar became liable as the principal on the contract."); Restatement (Third) of Agency § 6.03 (2006) ("When an agent acting with actual authority makes a contract on behalf of an undisclosed principal, (1) unless excluded by the contract, the principal is a party to the contract; (2) the agent and the third party are parties to the contract; and (3) the principal, if a party to the contract, and the third party have the same rights, liabilities, and defenses against each other as if the principal made the contract personally, subject to §§ 6.05-6.09."); see also *Am. Can Co. v. Horlamus Corp.*, 341 F.2d 730, 732 (5th Cir. 1965) (whether an undisclosed agency exists is a factual matter). The Court finds that at the time of the "transaction," Confalone was not acting as an undisclosed agent for U.S. Distributors. Some of the evidence supporting Block's position is that, before filing this lawsuit, U.S. Distributors' counsel sent several demand letters and e-mails to Block referencing an agreement between Block and Confalone. That reference is understandable given the evidence presented to U.S. Distributors' counsel before he prepared the demand letters and e-mails. None of these letters or e-mails, which Confalone had an opportunity to review, mentions U.S. Distributors; all express an agreement between two individuals. For example, one such letter reads: "I write you today in reference to the contract between yourself and James

---

the parties conducted a significant amount of their communications regarding this transaction over e-mail. Throughout this order, where the Court references "Confalone," it is referring to James Confalone.

2

Confalone .... As you know, pursuant to your agreement with Mr. Confalone .... This letter will serve as Mr. Confalone's formal demand that you immediately tender to him all past due rents, as well as the balance owed on the parts." Further, the e-mails that comprise the contract do not mention U.S. Distributors' role in the transaction. The sum of the evidence indicates that U.S. Distributors was an after-the-fact addition to this litigation. The Court expresses no opinion as to why this lawsuit was brought on behalf of U.S. Distributors instead of Confalone,[2] but it is abundantly clear to the Court that Confalone was acting on his own behalf when he contracted to sell the parts to block.

Therefore, because the Court finds that U.S. Distributors lacks an interest in the contract for the purchase and sale of the aircraft parts, it is ORDERED and ADJUDGED that U.S. Distributors' claim against Block is dismissed with prejudice. At the conclusion of trial, Block agreed to dismiss his counterclaim against U.S. Distributors with prejudice. Accordingly, it is further ORDERED and ADJUDGED that Block's counterclaim against U.S. Distributors is dismissed with prejudice. Finally, the Court retains jurisdiction to consider any motion for attorneys' fees and costs. The Court, however, will not consider such a motion until the conclusion of the related state-court action. Any party seeking attorneys' fees or costs for expenditures in this case must notify the Court within fourteen days of the resolution of the state-court case.

This case is closed, and all pending motions are denied as moot.

DONE and ORDERED in Chambers, Miami, Florida, June 28, 2010.

Paul C. Huck
United States District Judge

**Copies furnished to:**
All counsel of record.

---

[2] As the Court mentioned at the trial, both parties would be well-advised to consider involving counsel when the entering into transactions such as the one in question. Also, as a general matter, parties should be mindful of respecting corporate formalities. So much of the energy (and money) expended on this litigation could have been saved if the parties followed these two pieces of advice.